**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

**LINDA LYNCH :**
**:**
**VS. : NO. 02-CV-4354**
**:**
**HOWARD SCHULTZ :**
**& ASSOCIATES and :**
**PRG-SCHULTZ INTERNATIONAL INC.:**

**AMENDED ANSWER**

Defendants, by and through their counsel, Joseph S. Nescio, Esquire, hereby answer the Complaint submitted by Plaintiff, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part and denied in part. It is denied that Howard Schultz & Associates merged with Profit Recovery Group, Inc. However, it is admitted that The Profit Recovery International Group, Inc. (i) purchased substantially all of the assets and (ii) assumed substantially all of the liabilities of Howard Schultz & Associates. For purposes of this claim, it is admitted that defendant PRG-Schultz International, Inc. is the successor to Howard Schultz & Associates.

5. Admitted in part and denied in part. It is denied that there was a merger. However, it is admitted that

defendant PRG-Schultz International, Inc. assumed the liabilities of Defendant Howard Schultz & Associates.

6. Admitted in part, denied in part. It is admitted that this Court has jurisdiction over plaintiff’s discrimination claims, as set forth in Counts I and II of the Complaint. It is denied that the amount in controversy unrelated to the alleged civil rights violations exceeds $75,000. Therefore, it is denied that this Court has jurisdiction over Counts III and IV of the Complaint under diversity of citizenship. It is also denied that plaintiff was terminated in violation of her civil rights. Plaintiff was terminated on July 14, 2000 due to unsatisfactory work performance.

7. Admitted in part and denied in part. It is admitted that plaintiff filed a Charge of Discrimination with the EEOC on or about April 3, 2001. However, to the extent that the acts of which plaintiff complains occurred more than 180 days before April 3 2001, defendants deny that the filing of plaintiff’s complaint with the EEOC was timely. Defendants are without information or knowledge sufficient to form a belief as to the date on which plaintiff received the EEOC’s right to sue letter.

**COUNT I: AGE DISCRIMINATION**

8. Denied. The allegations set forth in Paragraph 8 are denied.

9.   Admitted.

10.  Admitted

11.  Denied.  The allegations set forth in paragraph 11 are denied.

12.  Admitted in part and denied in part. It is admitted that during quarterly marketing meetings, Mac Martirossian sometimes held after-hour gatherings for employees of the business development team. It is denied that Mr. Martirossian made any reference to plaintiff's age and/or made any other disparaging regarding plaintiff's age in response to her decision not to attend any such after-hour gatherings. The defendants deny all other allegations set forth in paragraph 12 which are not expressly admitted herein.

13.  Admitted in part and denied in part. It is admitted that on July 14, 2000, Mr. James Polk, Vice President of the Business Development Group and plaintiff's supervisor at the time, terminated plaintiff's employment for unsatisfactory work performance. It is denied that the decision to terminate plaintiff's employment was in any way based on plaintiff's age or gender.  The defendants deny all other allegations set forth in paragraph 13 which are not expressly admitted herein.

14.  Denied. The allegations set forth in paragraph 14 are denied.

**COUNT II: GENDER DISCRIMINATION**

15. Admitted.

16. Admitted in part, denied in part. It is admitted that James Polk, a male Business Director, was promoted to the position of Vice President of Business Development in January of 2000. It is admitted that Jeff Ginn was transferred to the position of Director of Operations in January of 2000, but it is denied that Mr. Ginn's transfer constituted a promotion. It is denied that Mr. Polk and/or Mr. Ginn were "young males" in that Mr. Polk was 49 years of age and Mr. Ginn was 40 years of age at the time. It is denied that plaintiff was denied promotional opportunities because of her age or gender. The defendants deny all other allegations set forth in paragraph 16 which are not expressly admitted herein.

17. Admitted in part and denied in part. It is admitted that women were not previously represented on the marketing materials which defendant Howard Schultz & Associates presented to clients and/or potential clients. It is admitted that the absence of women on these materials was brought to Mr. Martirossian's attention. It is denied that Mr. Martirossian and/or his successor failed to change the marketing materials. To the contrary, Mr. Martirossian developed new marketing materials which featured women. The defendants deny all other allegations set

forth in paragraph 17 which are not expressly admitted herein.

**COUNT III: FAILURE TO PAY COMMISSIONS AS REQUIRED BY EMPLOYMENT CONTRACT**

18. Admitted in part, denied in part. It is admitted that, in addition to her salary, plaintiff was eligible to receive bonuses for certain vendor contracts that she obtained, subject to the following conditions: (i) a bonus for a particular contract was payable only after the commencement of the audit which was the subject of the contract in question; (ii) plaintiff was eligible to receive a bonus for a particular contract only if she was employed with Howard Schultz & Associates at the time the bonus was payable; and (iii) plaintiff was eligible to receive a bonus for a particular contract only if she was employed with Howard Schultz & Associates for a full 12 month cycle. Plaintiff has been paid all bonuses to which she is entitled. It is denied that plaintiff is entitled to any additional bonuses. It is admitted that plaintiff’s employment was terminated on July 14, 2000, but it is denied that she was terminated without cause. Plaintiff’s employment was terminated for unsatisfactory work performance.

19. Admitted in part and denied in part. It is admitted that plaintiff was entitled to a bonus in the amount of $1,000.00 for the Sunglass Hut contract, but it is averred that she was paid this bonus on or about

    September 13, 2000. It is denied that plaintiff obtained contracts with respect to Bon Ton Stores, Advance Auto Parts, and/or Exide Corporation from January 1, 2000 to June 30, 2000. It is denied that plaintiff was and/or is entitled to any bonuses for the Bon Ton Stores, Advance Auto Parts, and/or Exide Corporation proposals. Plaintiff has been paid all bonuses to which she is entitled. It is denied that Plaintiff is entitled to any additional bonuses.

20. Admitted in part and denied in part. It is admitted that plaintiff submitted the proposals listed on Exhibit “B” of her complaint. Defendant Howard Schultz & Associates received a contract from Bestfoods, but this contract was obtained because of the efforts of an employee other than plaintiff. Defendant Howard Schultz & Associates received a contract from Advance Auto Parts, but the client terminated the contract before any work was performed, and defendant did not receive any revenues from the contract. Except for the aforementioned contracts relative to Bestfoods and Advance Auto Parts, no other contracts were obtained by the defendants relative to the proposals listed on Exhibit “B”. It is denied that plaintiff was eligible to receive any bonuses with respect to any of the proposals listed in Exhibit “B”. It is denied that plaintiff is entitled to any bonuses with respect to any of the proposals listed in Exhibit “B”.

**COUNT IV: FAILURE TO KEEP CONDITIONS OF PROMISED EMPLOYMENT**

21. Denied. The allegations set forth in paragraph 21 are denied.

22. Admitted in part, denied in part. It is admitted that plaintiff operated out of her home during the period of her employment. It is also admitted that plaintiff was not provided with a secretary or office during the period of her employment. The defendants deny all other allegations set forth in paragraph 22 which are not expressly admitted herein.

23. Admitted in part and denied in part. It is admitted that other Business Directors in other areas of the United States were provided space in existing offices of defendant Howard Schultz & Associates and, in certain cases, secretarial support. It is denied that defendants promised to provide plaintiff with a secretary or office space outside of her home. Furthermore, it is denied that defendants were in any way legally obligated to provide plaintiff with a secretary, an independent office, and/or office space outside of her home. The defendants deny all other allegations set forth in paragraph 23 which are not expressly admitted herein.

**ADDITIONAL DEFENSES**

Plaintiff’s claims for relief are barred or limited by the following defenses:

1. The Complaint has failed to state a claim upon which relief can be granted.

2. The termination of plaintiff’s employment was for legitimate, non-discriminatory reasons.

3. To the extent plaintiff was denied a promotion, such denial was based on legitimate, non-discriminatory reasons.

4. Plaintiff has failed to mitigate damages.

5. To the extent that the acts of which plaintiff complains were not contained within the Charge of Discrimination which she filed with the EEOC and the Pennsylvania Human Relations Commission, plaintiff has failed to exhaust her administrative remedies.

WHEREFORE, Defendants pray that judgment be entered in favor of defendants and against plaintiff.

Respectfully submitted,

____________________________

Dated: _______

Joseph S. Nescio, Esquire
Attorney for Defendants

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

**LINDA LYNCH :**
**:**
**VS. : NO. 02-CV-4354**
**:**
**HOWARD SCHULTZ :**
**& ASSOCIATES and :**
**PRG-SCHULTZ INTERNATIONAL INC.:**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Amended Answer was sent, first class postage prepaid via U.S. Mail, this 18th day of November, 2002, addressed to the following:

Kingsley A. Jarvis, Esquire
903 One Montgomery Plaza
Norristown, PA 19401

__________________________
Joseph S. Nescio
Attorney for Defendants